J-S44042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS ANDREW WHITE | |
| Appellant | No. 455 WDA 2015 |

Appeal from the Order Entered March 11, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0011435-1998

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED JULY 14, 2015**

Nicholas Andrew White appeals from the order of the Court of Common Pleas of Butler County that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.   For the following reasons we affirm.

On September 28, 1999, the trial court sentenced White to life imprisonment without parole for homicide, plus two to four months' incarceration for abuse of a corpse.  White was seventeen years old when he committed the underlying offenses.

White filed a PCRA petition on July 9, 2010.  Counsel was appointed and filed three amended petitions.  On November 13, 2013, the court stayed the proceedings pending the decision by our Supreme Court in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).  On February 9,

2015, the court issued an order notifying White of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1) on the basis that the petition was untimely, and accordingly, the court lacked jurisdiction to consider it. On March 11, 2015, the court dismissed the petition, and this appeal followed.[1]

Section 9545(b)(1) of the PCRA provides that a petition must be filed within one year of the date the judgment of sentence becomes final.[2] Here, following imposition of sentence on September 28, 1999, White filed a timely appeal to this Court, which affirmed his judgment of sentence on September 26, 2000. White's sentence became final on October 26, 2000, when the period in which to file a petition for allowance of appeal expired. **See** Pa.R.A.P. 1113(a). Accordingly, White had until October 26, 2001, to file a PCRA petition, unless he could allege and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

_____

[1] "This Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

[2] For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In **_Miller v. Alabama_**, ___ U.S. ___, 132 S.Ct. 2455 (2012), the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." **_Id_**. at 2469. However, **_Miller_** did not address whether its holding applies to individuals whose judgments of sentence were final at the time of the **_Miller_** decision. In **_Cunningham_**, **_supra_**, our Supreme Court held that **_Miller_** does not apply retroactively to cases on collateral appeal. **_See also Commonwealth v. Cristina_**, ___ A.3d ___, 2015 WL 1730538 at *4, where this Court held that "in the wake of **_Cunningham_**, it is clear that neither the United States Supreme Court, nor the Pennsylvania Supreme Court, has held that the rule in **_Miller_** applies retroactively."

Based on **_Cunningham_**, the trial court properly concluded that White could not rely on **_Miller_** to establish the exception set forth in section 9545(b)(1)(iii) of the PCRA. Therefore, White's petition was untimely and the court lacked jurisdiction to entertain the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2015